IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD HILMI NASSIF & PARTNERS, owner of the tradename Trust World Wide Corp., <br><br> Plaintiff, <br><br> v. <br><br> REPUBLIC OF IRAQ and MINISTRY OF INDUSTRY & MINERALS of the REPUBLIC OF IRAQ, <br><br> Defendants. | No. _____ <br><br> Judge _____ |

## COMPLAINT

𝔑𝔬𝔴 𝔆𝔬𝔪𝔢𝔰 Plaintiff, MOHAMMAD HILMI NASSIF & PARTNERS, owner of the tradename Trust World Wide Corp., and files this COMPLAINT against Defendants REPUBLIC OF IRAQ and MINISTRY OF INDUSTRY & MINERALS of the REPUBLIC OF IRAQ and, in support thereof, states as follows:

### NATURE OF THE CASE

1. Plaintiff MOHAMMAD HILMI NASSIF & PARTNERS, owner of the tradename Trust World Wide Corp., brings this action pursuant to the District of Columbia's Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Law § 15-361 *et al.*, seeking recognition of a foreign-country money judgment issued in its favor and against Defendants REPUBLIC OF IRAQ and MINISTRY OF

INDUSTRY & MINERALS of the REPUBLIC OF IRAQ, by the Amman Court of First Instance in The Hashemite Kingdom of Jordan.

## PARTIES

2. Plaintiff, MOHAMMAD HILMI NASSIF & PARTNERS, owner of the tradename Trust World Wide Corp., is a business entity under the laws of The Hashemite Kingdom of Jordan.

3. Defendant REPUBLIC OF IRAQ ("Defendant State") is a sovereign republic with its capitol in Baghdad, Iraq and actual presence in the United States at 3421 Massachusetts Avenue NW, Washington D.C. 20007.

4. Defendant MINISTRY OF INDUSTRY & MINERALS of the REPUBLIC OF IRAQ ("Defendant Ministry") is a constituent ministry of the Defendant State.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), specifically, 28 U.S.C. §§ 1605(a)(1) and/or 1605(a)(2). Pursuant to the FSIA, if the Court has subject-matter jurisdiction, it also has personal jurisdiction over the defendant foreign sovereign.

6. The Court has jurisdiction under 28 U.S.C. § 1330.

7. At all times relevant to this lawsuit, Defendant State has been a foreign sovereign as defined under the FSIA.

8. At all times relevant to this lawsuit, Defendant Ministry has been a constituent ministry of Defendant State, as defined under the FSIA.

9. Venue is proper in this federal district court under 28 U.S.C. § 1391(f)(4).

## STATEMENT OF FACTS

10.     Prior to 1995, Plaintiff sold various products to Defendant State.  Defendant State was to pay Plaintiff for such products ("Commercial Debt").  Defendant State did not do so.

11.     Beginning in November 1995, and again in April 2006, Defendant State and Defendant Ministry committed to deliver to Plaintiff 450,000 tons of sulfur and 100,000 tons of urea (the "Materials") to satisfy the Commercial Debt to Plaintiff.

12.     Plaintiff anticipated delivery of said Materials so that Plaintiff could sell and ship such Materials to customers in the United States through a business materials brokerage, go4WorldBusiness USA Inc., or parent(s) predecessor(s) and/or affiliate(s) thereof.  The brokerage is registered in Morganville, New Jersey.

13.     Defendants failed to deliver the Materials.

14.     Plaintiff initiated legal proceedings against Defendants in The Hashemite Kingdom of Jordan ("Jordan"), in the Amman Court of First Instance, on or about November 8, 2010, to recover money damages for Defendants' failure to satisfy the Commercial Debt by the delivery to Plaintiff of the Materials.

15.     Defendants did **_not_** raise sovereign immunity as a defense during the legal proceedings in Jordan.

16.     After trial on the merits, the Amman Court of First Instance rendered judgment in favor of Plaintiff and against Defendant State and Defendant Ministry, jointly and severally, on September 6, 2015, in the amount of USD $53,000,000 in addition to fees, expenses and legal interest from April 15, 2010, the date of the claim, until the judgment is paid in full (the "Judgment").  *See* Exhibits A and B.

17. On December 17, 2015, the Jordan Ministry of Justice certified that the total amount of the Judgment still outstanding on such date—including the accrued amounts of fees, expenses and legal interest—was 56,767,533.423 Jordanian Dinars (JOD).  *See* Exhibit C.

18. The time for any appeals of the Judgment has expired.

19. The Judgment has not been satisfied.

## COUNT 1

*Action Seeking Recognition of Foreign-Country Money Judgment*

20. Plaintiff incorporates by reference the matters alleged in Paragraphs 1 through 19 above.

21. A judgment issued by a court of a foreign nation may be recognized pursuant to the District of Columbia's Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Law § 15-361 *et al.*

22. The Judgment satisfies the requisites for recognition pursuant to the District of Columbia's Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Law § 15-361 *et al.*

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢 Plaintiff, MOHAMMAD HILMI NASSIF & PARTNERS, owner of the tradename Trust World Wide Corp., respectfully requests that this Honorable Court recognize the Judgment obtained by Plaintiff in The Hashemite Kingdom of Jordan and enter judgment, in this Court, in Plaintiff's favor, and against Defendants REPUBLIC OF IRAQ and MINISTRY OF MINERALS & INDUSTRY of the REPUBLIC OF IRAQ, jointly and severally, in the amount equal to:

(a) JOD 56,767,533.423 as converted to U.S. Dollars on the date judgment is entered in this Court;

(b) Statutory interest pursuant to Jordanian law from the December 17, 2015 date of certification by the Jordan Ministry of Justice until the date judgment is entered in this Court;

(c) Post-judgment interest at the rate of statutory interest pursuant Jordanian law from the date judgment is entered in this Court until the date judgment is satisfied; *and*

(d) Plaintiff's fees and costs in prosecuting this action, as well as such other and further relief as this Court deems just and proper.

Dated: October 23, 2017

MOHAMMAD HILMI NASSIF & PARTNERS, owner of the tradename Trust World Wide Corp.,

*/s/ Karnig Kerkonian*

Karnig Kerkonian
Elizabeth Al-Dajani
KERKONIAN DAJANI LLC

*Attorneys for Plaintiff*

Karnig S. Kerkonian (D.D.C. Bar No. IL0040)
Elizabeth M. Al-Dajani (D.D.C. Bar No. IL0039)
KERKONIAN DAJANI LLC
1555 Sherman Avenue, Suite 344
Evanston, Illinois 60201
Tel. (312) 416-6180 Fax (312) 604-7815
kkerkonian@kerkoniandajani.com
edajani@kerkoniandajani.com