# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| MOHAMMAD HILMI NASSIF & PARTNERS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 17-cv-2193 (KBJ) |
| REPUBLIC OF IRAQ, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

In 1995, Plaintiff Mohammad Hilmi Nassif & Partners ("Nassif" or "Plaintiff"), a Jordanian entity, entered into a contract with Defendants Republic of Iraq and the Ministry of Industry and Minerals of the Republic of Iraq (collectively, "Defendants") in which Defendants agreed to ship 450,000 tons of sulfur and 100,000 tons of urea to settle an outstanding debt owed to Nassif. (*See* Compl., ECF No. 1, ¶ 11.) Defendants subsequently failed to deliver the materials to Nassif. (*See id.* ¶ 13.) Thereafter, in November of 2010, Nassif filed a lawsuit in the country of Jordan, alleging that Defendants had breached the agreement. (*See id.* ¶ 14.) In September of 2015, the Jordanian court found Defendants jointly and severally liable for breaching the contract and awarded Nassif $53 million in damages. (*See id.* ¶ 16.) Neither defendant has paid any portion of the judgment. (*See id.* ¶ 19.)

Nassif filed the instant lawsuit to enforce the Jordanian judgment under the laws of the District of Columbia—specifically, the Uniform Foreign-Country Money

Judgments Recognition Act of 2011 ("UFCMJRA"), D.C. Code § 15-361 *et seq.*—in October of 2017. (*See id.* ¶ 21.) Initially, Defendants failed to respond to Nassif's complaint, and the Clerk of the Court filed an entry of default as to each Defendant. (*See* Clerk's Entry of Default, ECF No. 14; Clerk's Entry of Default, ECF No. 15.) Nassif then filed a motion requesting that this Court issue a default judgment against Defendants (*see, e.g.,* Amended Mot. for Default J., ECF No. 24), and while that motion was pending, Defendants noticed their appearances in the case. They also filed two motions: one to set aside the Clerk's entry of default (*see* Mot. to Set Aside Default, ECF No. 29) and the other to dismiss Nassif's complaint in its entirety (*see* Mot. to Dismiss, ECF No. 28). This Court subsequently referred the case (including Defendants' two motions) to Magistrate Judge G. Michael Harvey for full case management. (*See* Minute Order of Mar. 26, 2019.)

In the motion to dismiss—which was filed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6)—Defendants argue (1) that this Court lacks subject matter jurisdiction, because Defendants have sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*; (2) that service of the complaint was improper, because Nassif failed to comply with the specific service requirements of the FSIA; and (3) that Nassif's complaint fails to state a claim upon which relief can be granted, because the Jordanian judgment is "based on an illegal agreement that violated the Iraqi Sanctions Regime" and therefore contravenes the UFCMJRA. (Mot. to Dismiss at 1–2.)[1] Defendants' motion to set aside the default

---

[1] Page-number citations to the documents that the parties have filed and the Report and Recommendation refer to the page numbers that the Court's electronic filing system automatically

2

strikes a similar chord, insofar as Defendants argue that, because service of process was improper under the FSIA, they never formally received the complaint, which is good cause for the Court to set the Clerk's entry of default aside. (*See* Mot. to Set Aside Default at 1.)

Before this Court at present is a Report and Recommendation ("R&R") that Magistrate Judge Harvey has filed to articulate his findings and conclusions with respect to each of the arguments that Defendants raised in their motion to dismiss. (*See* R. & R., ECF No. 40.)[2] Generally speaking, and in relevant part, the R&R concludes that Defendants explicitly waived their sovereign immunity under the FSIA. (*See id.* at 17.) Nevertheless, Magistrate Judge Harvey finds that Nassif failed to serve the complaint properly on Defendants (*see id.* at 26), and that Nassif should be permitted to reattempt service of its plausible complaint, rather than dismissing it (*see id.* at 28; *see also id.* at 29 (concluding that the complaint sufficiently pleads a cognizable claim under the UFCMJRA); *id.* at 35 (recommending that Defendants' motion to dismiss be denied)). Apparently contemplating further litigation once Nassif cures the service defect, Magistrate Judge Harvey's R&R also recommends that the Court grant Defendants' motion to set aside the Clerk's entry of default (*see id.* at 34) and deny Nassif's amended motion for default judgment as moot (*see id.* at 35).

Defendants timely filed an objection to Magistrate Judge Harvey's R&R (*see* Defs.' Objs., ECF No. 42), to which Nassif responded (*see* Pl.'s Opp'n to Defs.' Objs.

---

assigns.

[2] The Report and Recommendation is attached hereto as Appendix A.

3

("Pl.'s Opp'n"), ECF No. 43).[3] Defendants then filed a reply. (*See* Defs.' Reply to Pl.'s Opp'n, ECF No. 44.) The entirety of Magistrate Judge Harvey's findings and conclusions, and all of the parties' related filings, are now before the Court; however, the Court finds that it need only address *one* of the issues that the R&R addresses: its finding that Nassif had improperly served Defendants because the envelope in which the complaint and summons were mailed "failed to identify the head of the Ministry of Foreign Affairs by name or title" as the FSIA requires. (R. & R. at 25.) For the reasons explained below, this Court agrees with Magistrate Judge Harvey's findings regarding service of process, and it further finds that the Court lacks personal jurisdiction over Defendants until service is properly effected. Therefore, Magistrate Judge Harvey's R&R will be **ADOPTED IN PART**, and Nassif will be permitted to reattempt service. Moreover, as the R&R suggests, Defendant's motion to set aside the entry of default must be **GRANTED**, and their motion to dismiss will be **DENIED WITHOUT PREJUDICE**, while Nassif's amended motion for default judgment will be **DENIED AS MOOT**.[4] A separate Order consistent with this Memorandum Opinion will follow.

---

[3] Under this Court's local rules, if a party objects to a magistrate judge's R&R, it must file a written objection with the Clerk of the Court within 14 days of the party's receipt of that report. *See* LCvR 72.3(b); *see also* Fed. R. Civ. P. 72(b)(2). Any such written objection must specify the portions of the findings and recommendations to which each objection is made and the basis for each such objection. *See id.* And when resolving objections, a district court must review a magistrate judge's R&R *de novo*. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. 636(b).

[4] If Nassif is successful when service of the complaint is reattempted, Defendants will have the opportunity to answer or otherwise respond to the complaint under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12. They may opt to refile their motion to dismiss at that time.

I.

The FSIA provides four methods for serving a complaint on a foreign state, which must be attempted one-by-one and in a specified order. *See* 28 U.S.C. § 1608(a)(1)–(4); *see also Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015). The third method of service is at issue in this case; in relevant part, it requires that service be effected "by sending a copy of the summons and complaint and a notice of suit . . . to be addressed . . . *to the head of the ministry of foreign affairs of the foreign state concerned*[.]" 28 U.S.C. § 1608(a)(3) (emphasis added); (*see also* R. & R. at 26).

Here, Nassif attempted to serve Defendants pursuant to the third service method by mailing an envelope that was addressed to the Iraqi Ministry of Foreign Affairs. (*See* R. & R. at 25.) Magistrate Judge Harvey noted that Nassif "does not dispute that the envelope sent to the Iraqi Ministry of Foreign Affairs was *not* addressed to the head of the ministry." (*Id.* (emphasis added).) Magistrate Judge Harvey also found that the plain text of the statute and the relevant case law both support a finding that, in order for an envelope to be properly "addressed" for FSIA purposes, the name of the head of the ministry of foreign affairs must be "placed on the outside of the item to be sent." (*Id.* at 27 (quoting *Rep. of Sudan v. Harrison*, 139 S. Ct. 1048, 1057 (2019)).) Thus, Magistrate Judge Harvey found that Nassif had "failed to comply with section 1608(a)(3), and [its] service was [therefore] improper." (*Id.* at 26; *see also id.* (explaining that even actual notice will not cure improper service) (citing *Azadeh v. Gov't of Islamic Rep. of Iran*, 318 F. Supp. 3d 90, 100 (D.D.C. 2018)).)

5

Notably, consistent with what other courts in this district have done under similar circumstances, Magistrate Judge Harvey further recommended that this Court permit Nassif to reattempt proper service rather than dismiss its case. (*See id.* at 27.) It appears that, in the FSIA context, courts routinely analyze three factors when deciding whether a plaintiff should be permitted to reattempt service in lieu of dismissal: "(1) whether the attempted service 'came very close to satisfying the [FSIA's] requirements . . . [thus] showing good faith'; (2) whether the statute of limitations on the plaintiff's claim has run; and (3) whether the defendant has identified any 'particular prejudice' that it would incur if the plaintiff were permitted to reattempt proper service." (*Id.* at 28 (quoting *Law Offices of Arman Dabiri & Assocs. P.L.L.C. v. Agric. Bank of Sudan*, No. 17-2497 (RDM), 2019 WL 231753, at *5 (D.D.C. Jan. 16, 2019)) (alterations in original).) With respect to the defective service at issue here, Magistrate Judge Harvey found that, while Nassif had come very close to effecting proper service in a manner that demonstrates a good faith attempt (*id.* at 28), it would not be prejudiced by dismissal of the instant case because the statute of limitations for enforcing the Jordanian judgment has not yet run (*id.*). Yet, Magistrate Judge Harvey also found that Defendants had not identified any harm that would befall them if Nassif were permitted to reattempt service. (*See id.* at 28.) Consequently, according to the R&R, two of the three commonly considered factors weigh in favor of Nassif, such that Nassif should be permitted to reattempt service. (*See id.*)

Defendants' objections to the R&R transcend the service issue—i.e., Defendants have addressed each of Magistrate Judge Harvey's myriad findings about all of the various issues raised in the motion to dismiss. But, not surprisingly, Defendants agree

with Magistrate Judge Harvey's findings and recommendations concerning Nassif's defective service, and they do not appear to oppose the R&R's suggestion that Nassif be provided with another opportunity to effect service properly. (*See* Defs.' Objs. at 10–11.) For its part, Nassif appears to concede that its service of process was not proper under the FSIA. (*See* Pl.'s Opp'n at 11 n.1.) The remaining dispute between the parties concerns what happens *next*: Defendants insist that, because service was improper, no responsive pleading was required, and therefore, the balance of their motion to dismiss is rendered moot. (*See* Defs. Objs. at 11.) By contrast, Nassif contends that the Court should either adopt the R&R (the balance of which resolves the issues raised in the motion to dismiss in Plaintiff's favor), or, in the alternative, reserve ruling on the R&R's other conclusions until after proper service has been effected on Defendants. (*See* Pl.'s Opp'n at 12–13.) For the reasons explained below, the Court finds it best to deny Defendants' motion to dismiss without prejudice and, effectively, set the R&R's conclusions aside—to be consulted, if necessary, once the complaint is properly served and Defendants refile their motion to dismiss.

II.

To start, this Court agrees with all concerned that service of process was not properly effected in this case. (*See* R. & R. at 26; Defs.' Objs. at 10; Pl.'s Opp'n at 11–12.) Given the lack of any dispute regarding the service defect, no additional analysis of Magistrate Judge Harvey's defective service findings need be provided here, and the Court will proceed as follows. To the extent that Magistrate Judge Harvey's R&R correctly finds that service on Defendants was improper in this case, the Court adopts that aspect of the R&R, and it further concludes that the defect in service renders the

7

R&R's analysis of Defendants' *other* motion-to-dismiss arguments effectively moot. This is because, due to the improper service, the Court lacks personal jurisdiction over Defendants and cannot consider the rest of the issues addressed in the R&R at this time. *See, e.g.*, *Jouanny v. Embassy of France in the United States*, 220 F. Supp. 3d 34, 40 (D.D.C. 2016) ("Because Plaintiff failed to effect service, the court lacks jurisdiction to do anything more in this case."); *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 32 (D.D.C. 2014) (first, explaining that "[i]f a plaintiff fails to perfect service [under the FSIA], the court lacks personal jurisdiction over the foreign entity" and then, finding improper service, declining to reach the remaining issues in the case for lack of personal jurisdiction).

The Court also sees fit to adopt Magistrate Judge Harvey's recommendation that Nassif be permitted to reattempt service, in lieu of dismissing the entire case, which is a fully authorized and commonly permitted course of action in this district. *See, e.g.*, *Barot*, 785 F.3d at 28 (reversing district court's dismissal for improper service where plaintiff came "very close" thus showing good faith, there was a "reasonable prospect service [could] be obtained[,]" the statute of limitations had run, and there was no prejudice to defendant); *Hardy Expl. & Prod. (India), Inc. v. Gov't of India*, 219 F. Supp. 3d 50, 66–67 (D.D.C. 2016) (finding dismissal not appropriate where there was "reasonable prospect service [could] be obtained[,]" plaintiff made a good faith effort at compliance, the statute of limitations had run, and the defendant had not demonstrated harm); *Jouanny*, 220 F. Supp. 3d at 39–40 (finding dismissal not appropriate where there was "reasonable prospect service [could] be obtained" and defendant had articulated no prejudice from allowing plaintiff to reattempt service). If Nassif is

8

successful when service of the complaint is reattempted, Defendants will have the opportunity to answer or otherwise respond to the complaint under Federal Rule of Civil Procedure 12, and they can opt to file another motion to dismiss Plaintiff's properly served pleading—or not—at that time. (*See supra* n.4.)

As a result, it is unnecessary, and potentially imprudent, for the Court to "reserve its adoption of the R&R," as Nassif requests. (Pl.'s Opp'n at 13.) In other words, while the undisputed service defect presently renders the other arguments in Defendants' pending motion to dismiss moot such that the motion to dismiss must be denied without prejudice, Magistrate Judge Harvey's R&R remains on the record, and its analysis can be referenced by the parties and the Court in the context of any subsequent briefing that may occur if, in response to any properly re-served complaint, Defendants file another motion to dismiss that raises the same issues that Magistrate Judge Harvey's R&R addresses. At the very least, the Court can, and likely will, provide the parties with an opportunity to discuss the applicability of the R&R's findings and conclusions to any legal issues Defendants raise in a subsequent dispositive motion.

III.

With respect to Magistrate Judge Harvey's recommendation that the Clerk's entry of default be set aside because "[d]efault cannot be entered where there was insufficient service of process" (*see* R. & R. at 31 (quoting *Darby v. McDonald*, 307 F.R.D. 254, 257 (D.D.C. 2014)) (alteration in original)), this Court agrees. Three factors typically guide courts' analysis of the issue of setting aside the Clerk's entry of default under Federal Rule of Civil Procedure 55(c)'s good cause standard: "whether

9

'(1) the default was willful; (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" (*Id.* at 32 (quoting *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980)).) As relevant here, Magistrate Judge Harvey determined that Defendants' default cannot be deemed willful precisely because Defendants had not been properly served (*see* R. & R. at 32), and that Nassif is not prejudiced by a set-aside of the entry of default where it failed to effect proper service (*see id.* at 33). Moreover, and in any event, it appears that neither party objects to Magistrate Judge Harvey's findings and conclusions in this regard.

Thus, consistent with Magistrate Judge Harvey's recommendation and the findings of other courts that have considered motions to set aside entries of default, this Court finds that default cannot be entered where a defendant was not properly served, as a matter of law. *See, e.g.*, *Scott v. D.C.*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Default cannot be entered where there was insufficient service of process."). Thus, having already adopted Magistrate Judge Harvey's finding that Nassif failed to effect service properly, the Court will also adopt Magistrate Judge Harvey's recommendation that Defendants' motion to set aside the Clerk's entry of default be granted and that Plaintiff's amended motion for default judgment be denied as moot.

IV.

For the reasons explained herein, as set forth in the accompanying Order, Magistrate Judge Harvey's R&R (ECF No. 40) is **ADOPTED IN PART**, as follows:

(a) The Court adopts the finding of the Magistrate Judge that service of process was improper in this case; moreover, Plaintiff will be permitted to reattempt proper service in accordance with the FSIA. Consequently, Defendant's motion to

dismiss Plaintiff's improperly served complaint (ECF No. 28) is moot, and will be **DENIED WITHOUT PREJUDICE**.

(b) The Court also adopts the Magistrate Judge's conclusion that the Clerk's entry of default must be set aside in light of the improper service. Therefore, Defendants' motion to set aside the Clerk's entry of default (ECF No. 29) will be **GRANTED**, and Plaintiff's amended motion for default judgment (ECF No. 24) must be **DENIED AS MOOT**.

DATE: March 25, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge